JOHN D. SULLIVAN
Assistant U.S. Attorney
U.S. Attorney's Office
James F. Battin U.S. Courthouse
2601 Second Ave. North, Suite 3200
Billings, MT 59101
Phone: (406) 657-6101
FAX: (406) 657-6989
Email: John.Sullivan2@usdoj.gov

ATTORNEY FOR PLAINTIFF
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** <br><br> Plaintiff, <br><br> vs. <br><br> **MICHAEL SHANE DILLER,** <br><br> Defendant. | CR 17-91-BLG-SPW <br><br> **OFFER OF PROOF** |

The United States, represented by Assistant U.S. Attorney John D. Sullivan, files the following offer of proof in anticipation of the change of plea hearing set in this case on February 20, 2018.

## THE CHARGES

The defendant, Michael Shane Diller, is charged by indictment in count I with conspiracy to possess with the intent to distribute and to distribute

1

methamphetamine, in violation of 21 U.S.C. § 846; in count II with possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1); and in counts III-V, with distribution of methamphetamine, in violation of 21 U.S.C. § 841(a)(1).

## PLEA AGREEMENT

There is a plea agreement in this case. The defendant will plead guilty to count II of the indictment. The United States presented all formal plea offers to the defendant in writing. The plea agreement entered into by the parties and filed with the Court represents, in the government's view, the most favorable offer extended to the defendant. *See Missouri v. Frye*, 566 U.S. 133 (2012).

The United States will move to dismiss counts I, III, IV, and V of the indictment at sentencing, if the Court accepts the plea agreement.

## ELEMENTS OF THE CHARGE

In order for the defendant to be found guilty of possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1), the United States must prove each of the following elements beyond a reasonable doubt:

> First, the defendant knowingly possessed 50 or more grams of actual methamphetamine; and
>
> Second, the defendant possessed it with the intent to distribute it to another person;
>
> Additionally, while not a formal element of the offense, the United States must prove beyond a reasonable doubt that the defendant

possessed 50 or more grams of actual methamphetamine with the intent to distribute.

To "possess with intent to distribute" means to possess with intent to deliver or transfer possession of methamphetamine to another person, with or without any financial interest in the transaction.

## PENALTIES

Count II of the indictment carries a mandatory minimum ten years to life imprisonment, a $10,000,000 fine, at least five years of supervised release, and a $100 special assessment.

## ANTICIPATED EVIDENCE

If this case were tried in United States District Court, the United States would prove the following:

Starting in December 2016, agents with the FBI TOC-West Task Force and the Eastern Montana HIDTA Task Force began investigating Diller and Rocky Rollin Bettin (CR 17-83-BLG-SPW) for distributing meth in the Billings area. Between December 9, 2016, and January 17, 2017, agents used a confidential informant to make three controlled purchases of methamphetamine from Diller for a total of approximately four ounces of methamphetamine.

On February 22, 2017, agents interviewed Diller while he was incarcerated at the Yellowstone County Detention Facility on unrelated charges. Diller waived his *Miranda* rights and agreed to be interviewed. He explained that in September 2016, he began dealing small quantities of methamphetamine. In December,

however, he met Bettin and began getting larger quantities from him for redistribution. Diller obtained from Bettin between two and three ounces of meth nearly every week and sometimes would re-up for an ounce every other day on occasions. All of the meth was fronted to him by Bettin. Total, Diller admitted that he obtained approximately 1.5 lbs. of methamphetamine from Bettin for redistribution between December 2016 and January 2017.

Agents obtained search warrants for cell phone numbers associated with both Diller and Bettin. They located multiple text messages in each of their records indicating that they were distributing methamphetamine. The methamphetamine purchased from Diller during the controlled buys were analyzed by the DEA Laboratory and found to contain about 90 grams of pure methamphetamine.

DATED this 16th day of February, 2018.

KURT G. ALME
United States Attorney

 */s/ John D. Sullivan*
JOHN D. SULLIVAN
Assistant U.S. Attorney